ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| SANDRA ECHEVERRI GILLOT<br><br>APELADA<br><br>V.<br><br>JUAN F. COLÓN DE LEÓN<br><br>APELANTE | TA2025AP00203 | *APELACIÓN*<br>procedente del Tribunal de Primera Instancia Sala de Bayamón<br><br>Caso Núm. SJL2842025-5551<br><br>Sobre:<br>Ley Núm. 284-1999, Ley Contra el Acecho en Puerto Rico, según enmendada por la Ley Núm. 44-2016 |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz, y la juez Aldebol Mora

**Brignoni Mártir, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 24 de febrero de 2026.

Comparece ante nos, Juan F. Colón de León (en adelante, "Colón de León" o "apelante"), a los fines de solicitar nuestra intervención para que dejemos sin efecto la *Orden de Protección* emitida y notificada el 3 de julio de 2025, por el Tribunal de Primera Instancia, Sala Municipal de Bayamón. Mediante el referido dictamen, el foro primario ordenó a Colón de León, entre otros extremos, a abstenerse de acercarse a Sandra Echeverri Gillot (en adelante, "Echeverri Gillot" o "apelada") y a entregar a la Policía de Puerto Rico cualquier arma de fuego que le pertenezca o tenga bajo su control.

Por los fundamentos que exponemos a continuación, se confirma el dictamen apelado. Veamos.

### I.

El 23 de abril de 2025, Echeverri Gillot presentó una *Petición de Orden de Protección al Amparo de la Ley Contra el Acecho en Puerto Rico* en contra de Colón de León.[1] En atención a los actos o eventos por los que solicitó la orden de protección, indicó lo siguiente:

---

[1] Pág. 17 del Apéndice Núm. 3 de la Entrada Núm. 1 del Sistema Unificado de Administración y Manejo de Casos del Tribunal de Apelaciones (SUMAC TA).

26/marzo/2025 – después de que el Presidente de la Junta le prohibiera manipular y mostrar el arma de fuego de manera irresponsable en la área de trabajo el Sr. Colón nos confront[ó] de manera hostil y añadi[ó] que una de las dos habl[ó] con el Presidente y que esta persona la va a pasar muy mal. Aunque habl[ó] con las dos él me miraba directo a mis ojos. Solo a mí.

28/marzo/2025 – después de una reunión del Sr. Colón con el vicepresidente, el Sr. Colón entra a la Oficina 418 y con cara p[á]lida, manos temblorosas y muy molesto nos grit[ó] que [é]l hace lo que le da la gana en la oficina[,] que a nadie le importa si [é]l tiene armas y las manipula en su área, que la ley de armas lo protege. Yo le contesto de forma pausada, Colón la ley aprueba que este sacando el arma en p[ú]blico y manipularla. [sic]. El me respondi[ó] No te preocupes que yo no vuelvo a subir el arma, pero el tiro te lo va a dar otro.

Ese mismo día, el foro de instancia emitió una *Orden de Protección Ex Parte* en contra de Colón de León, con vigencia hasta el 6 de mayo de 2025[2] y una *Citación* para celebrar una vista el 6 de mayo de 2025[3].

Posteriormente, el 20 de mayo de 2025, el foro primario emitió una *Citación* para la celebración de una vista pautada para el 9 de junio de 2025.[4]

El 3 de julio de 2025, luego de celebrar una vista, en la que ambas partes comparecieron con sus respectivos representantes legales, el foro primario emitió una *Orden de Protección*[5] e hizo las siguientes determinaciones de hechos:

Luego de aquilatar toda la prueba presentada, el Tribunal llega a las siguientes determinaciones de hechos:

Peticionado trabaja en administración de condominio. El peticionado era el administrador, y la peticionaria Oficial Administrativa. Trabajan juntos hace 24 años. Al presente el peticionado ya no trabaja en el lugar. Peticionado era su supervisor. El peticionado constantemente mostraba y manipulaba su arma de fuego en presencia de la peticionaria. Le removía el peine, las balas, etc. El 11 de marzo de 2025 el peticionado mostró en la oficina una foto de su televisor indicando "lo maté". La foto mostraba el televisor con un impacto de bala en la pantalla. Más adelante se acercó al cubículo de peticionaria con el arma, mostrándole detalles del arma. El 21 de marzo de 2025 el peticionado jugaba con su arma de fuego en la oficina, en presencia de la peticionaria y otras personas. La peticionaria se incomodó, lo notificó al presidente de la Junta, quien se reunió con el peticionado. El peticionado luego de reunirse comentó "cuando sepa quien fue, la va [a] pasar muy mal", dirigiéndose a la peticionaria y su compañera. El 20 de marzo de 2025 el peticionado se reunió con el vicepresidente de la junta. Salió molesto de la reunión, gritando que él tiene licencia de armas (mostrándola), que la ley lo protege. El peticionado se dirigió a la peticionaria y dijo: "No te preocupes, yo no vuelvo a subir el arma, pero la bala te la va a dar otro." La peticionaria sintió temor por su seguridad. La conducta del peticionado afectaba su desempeño en el trabajo. La peticionaria radicó su petición de orden de protección

[2] Pág. 11 del Apéndice Núm. 3 de la Entrada Núm. 1 del SUMAC TA.
[3] Pág. 9 del Apéndice Núm. 3 de la Entrada Núm. 1 del SUMAC TA.
[4] Pág. 7 del Apéndice Núm. 3 de la Entrada Núm. 1 del SUMAC TA.
[5] Pág. 1 del Apéndice Núm. 3 de la Entrada Núm. 1 del SUMAC TA.

el 24 de abril de 2025. El 12 de mayo el peticionado fue destituido de su puesto. La peticionaria teme por su seguridad. El peticionado aún se comunica con empleados de la empresa. El peticionado no testificó. Se ordena el desarme.

En virtud de las anteriores determinaciones de hechos, el foro primario ordenó a Colón de León, entre otras cosas, entregar a la Policía de Puerto Rico cualquier arma de fuego que le pertenezca o tenga bajo su control. Expresó, además, que Colón de León compareció a la vista y que, durante la audiencia, autorizó la expedición de la orden de protección en su contra y se explicaron las consecuencias de incumplir con cualesquiera de sus términos. Dispuso que la orden de protección estaría vigente desde el 3 de julio de 2025 hasta el 3 de octubre del mismo año.

Inconforme, el 4 de agosto de 2025, el apelante acudió ante nos mediante el recurso de epígrafe y señaló los siguientes errores:

Erró el Tribunal de Primera Instancia al conceder una orden de protección el 3 de julio de 2025 sin que mediara prueba clara, específica y convincente de un patrón de acecho conforme lo requiere la Ley Núm. 284-1999.

Erró el Tribunal de Primera Instancia al reabrir un caso previamente archivado mediante acuerdo entre las partes sin cumplir con los requisitos procesales mínimos del debido proceso de ley, incluyendo la notificación oportuna al Sr. Juan F. Colón de León.

El 29 de diciembre de 2025, la parte apelante presentó una *Transcripción de Regrabación Suministrada* sobre la vista celebrada el 3 de julio de 2025. Ante ello, el 12 de enero de 2026 emitimos una *Resolución* mediante la cual le concedimos a la parte apelada un término de treinta (30) días para presentar su alegato en oposición. Sin embargo, la parte apelada no expresó dentro del término concedido su posición respecto a la *Apelación* y a la *Transcripción de Regrabación Suministrada* presentadas por la parte apelante. Habiendo transcurrido el término concedido para expresarse con relación a los recursos de la parte apelante, procedemos a disponer del caso de epígrafe sin el beneficio de la comparecencia de la parte apelada.

**II.**

**-A-**

De acuerdo con la Regla 42.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 42.2, "[l]as determinaciones de hechos basadas en testimonio oral no se

dejarán sin efecto a menos que sean claramente erróneas, y se dará la debida consideración a la oportunidad que tuvo el tribunal sentenciador para juzgar la credibilidad de los testigos". En virtud de esta norma, "los tribunales apelativos otorgan gran deferencia a las determinaciones de hecho, la apreciación de la prueba testifical y las adjudicaciones de credibilidad que hacen los tribunales de primera instancia". *SLG Torres-Matundan v. Centro de Patología*, 193 DPR 920, 933 (2015). Esta deferencia responde a que el foro primario es "quien ve y escucha a los testigos y, por ende, está en mejor posición para evaluar y aquilatar la prueba presentada en el juicio". *Id., pág. 933; Laboy Roque v. Pérez y otros*, 181 DPR 718, 744 (2011). En el caso del foro apelativo solo tiene ante sí "los récords mudos e inexpresivos". *Muñiz Noriega v. Muñiz Bonet*, 177 DPR 967, 987 (2010); *Rivera Torres v. Diaz López*, 207 DPR 636, 658 (2021).

Ahora bien, la deferencia a las determinaciones de hechos del foro primario no es absoluta. Los foros apelativos solo pueden intervenir con las determinaciones de hechos del Tribunal de Primera Instancia si demuestran que "el juzgador actuó movido por pasión, prejuicio o parcialidad o que incurrió en error manifiesto". *Gómez Márquez v. Periódico El Oriental*, 203 DPR 783, 793 (2020); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 753 (2013). Esta norma permite considerar el proceso revisor en dos categorías principales. Para examinar si media pasión, prejuicio o parcialidad, "debemos verificar primordialmente si el juez de primera instancia cumplió su función de adjudicar de manera imparcial", en cuyo caso podemos descansar en las determinaciones de hecho. *Id*.

Por otro lado, "el error manifiesto ocurre cuando, de un análisis de la totalidad de la evidencia, el tribunal apelativo queda convencido de que se cometió un error, aunque haya evidencia que sostenga las conclusiones de hecho del Tribunal". *Id*. Así pues, existe un error manifiesto "cuando la apreciación de esa prueba se distancia de la realidad fáctica o es inherentemente imposible o increíble". *Id*; *Pueblo v. Toro Martínez*, 200 DPR 834, 859 (2018).

**-B-**

La *Ley Contra el Acecho en Puerto Rico*, Ley Núm. 284 de 21 de agosto de 1999, según enmendada, (Ley 284-1999), provee mecanismos para proteger debidamente a las personas que son víctimas de acecho. Artículo 2, 33 LPRA sec. 4013. Su objetivo es "tipificar como delito y penalizar todo patrón de conducta de acecho, que induzca temor en el ánimo de una persona razonable y prudente de sufrir algún daño físico en su persona, sus bienes y/o en la persona de un miembro de su familia". *Exposición de Motivos* de la Ley 284-1999, *supra*. Esta legislación "reafirma la política pública del Gobierno de Puerto Rico de luchar contra cualquier tipo de manifestación de violencia que atente contra los valores de paz, seguridad, dignidad y respeto que se quieren mantener para nuestra sociedad". *Id*.

Cónsono con lo anterior, el Artículo 3(a) de la Ley 284, *supra*, define acecho en los siguientes términos:

> **(a) "Acecho" —** Significa una conducta mediante la cual se ejerce una vigilancia sobre determinada persona; se envían comunicaciones verbales o escritas no deseadas a una determinada persona, se realizan amenazas escritas, verbales o implícitas a determinada persona, se efectúan actos de vandalismo dirigidos a determinada persona, **se hostiga repetidamente mediante palabras, gestos o acciones dirigidas a intimidar, amenazar o perseguir a la víctima** o a miembros de su familia. (Énfasis Nuestro). 33 LPRA sec. 4013.

A su vez, el Artículo 4 de la precitada ley tipifica el delito de acecho de la siguiente manera:

> Toda persona que **intencionalmente manifieste un patrón constante o repetitivo de conducta de acecho dirigido a intimidar a una determinada persona a los efectos de que ella, o cualquier miembro de su familia podría sufrir daños, en su persona o en sus bienes**; o que mantenga dicho patrón de conducta a sabiendas de que determinada persona razonablemente podría sentirse intimidada incurrirá en delito menos grave. (Énfasis nuestro). 33 LPRA sec. 4104.

En cuanto al patrón de conducta persistente, el Artículo 3 (b) del estatuto preceptúa lo siguiente: Significa realizar en dos (2) o más ocasiones actos que evidencian el **propósito intencional de intimidar a determinada persona o a miembros de su familia**. (Énfasis nuestro). 33 LPRA sec. 4013.

Asimismo, define *intimidar* en el Artículo 3(f) como:

**[T]oda acción o palabra que manifestada repetidamente infunda temor en el ánimo de una persona prudente y razonable** a los efectos de que ella, o cualquier miembro de su familia pueda sufrir daños, en su persona o en sus bienes, y/o ejercer presión moral sobre el ánimo de ésta para llevar a cabo un acto contrario a su voluntad. (Énfasis nuestro). 33 LPRA sec. 4013.

La orden de protección al amparo de esta ley es un mecanismo rápido y ágil que ampara a las personas que son víctimas de acecho.

Esta orden de protección es un remedio civil que puede solicitar cualquier persona que haya sido víctima de acecho, o de conducta constitutiva del delito de acecho, sin que sea necesario la presentación previa de una denuncia o acusación. Art. 5 (a), 33 LPRA sec. 4015. El tribunal podrá emitir una orden de protección **cuando determine que existen motivos suficientes para creer que la parte peticionaria ha sido víctima de acecho**. (Énfasis Nuestro). Art. 5, 33 LPRA sec. 4015. Cabe destacar que, el Tribunal de Apelaciones podrá revisar las órdenes de protección de conformidad a los criterios establecidos en ley. *Id*.

**-C-**

El Art. II, Sec. 7 de la Constitución de Puerto Rico reconoce el derecho a un debido proceso de ley como garantía protectora de los intereses de libertad y propiedad. Const. ELA [Const. PR], LPRA Tomo I. La referida salvaguarda exige que el Estado realice un procedimiento justo y equitativo al momento de intervenir con el interés propietario de una persona. *Torres Rivera v. Policía de PR*, 196 DPR 606, 624 (2016). Ante un reclamo fundamentado en la vertiente procesal del debido proceso de ley, corresponde examinar si existe un interés que amerite protección. *Id.* De responder en la afirmativa, procede evaluar cuál es el procedimiento debido. *Id.*

Los requisitos para garantizar la modalidad procesal del debido proceso de ley son los siguientes: (1) la notificación adecuada del proceso; (2) un proceso ante un juez imparcial; (3) la oportunidad de ser oído; (4) el derecho a contrainterrogar a los testigos y examinar la evidencia presentada en su contra; (5) el tener asistencia de abogado, y (6) que la decisión se base en el expediente del caso. *Calderón Otero v. C.F.S.E.*, supra, pág. 399.

Por su parte, y en consonancia con lo anterior, la Ley Núm. 284-1999, *supra*, dispone en su Artículo 9(b), referente a la notificación a las partes de la orden de protección, que,

> (b) Cualquier orden expedida al amparo de esta Ley deberá ser notificada personalmente a la parte peticionada, ya sea a través de un alguacil del Tribunal, un oficial del orden público, o cualquier persona mayor de dieciocho (18) años que no sea parte ni tenga interés en el caso de acuerdo al procedimiento establecido en las Reglas de Procedimiento Civil de Puerto Rico, según enmendadas. 33 LPRA sec. 4019.

Establecido el marco doctrinal aplicable, procedemos a disponer de la controversia ante nuestra consideración.

**III.**

El apelante señala como primer error que el foro primario incidió al conceder una orden de protección sin mediar prueba clara, específica y convincente de un patrón de achecho conforme lo requiere la Ley Núm. 284-1999.

El Artículo 5(c) de la precitada ley dispone de manera clara que "[c]uando el tribunal determine que existen **motivos suficientes para creer** que la parte peticionaria ha sido víctima de acecho, podrá emitir una orden de protección[…]". Ley Núm. 284-1999, *supra.* (Énfasis Nuestro). Ahora bien, la parte apelante intenta argumentar que la mencionada ley requiere que un peticionario presente prueba clara específica y convincente de un patrón de acecho para poder emitir una orden de protección. No le asiste la razón.

La prueba clara, robusta y convincente es aquella que "produce en un juzgador una convicción duradera de que las contenciones fácticas son altamente probables". *OEG v. Martínez Giraud*, 210 DPR 79, 94 (2022). Sin embargo, ese no es el requisito que establece la Ley Núm. 284-1999, *supra*. La ley bajo la cual la parte apelada solicitó la orden de protección lo único que requiere es que el tribunal determine que existen motivos suficientes para creer que esta ha sido víctima de acecho. O sea, basta con el que juez entienda que el riesgo es real hacia el peticionario para expedir la orden.

En este caso, el juzgador determinó que existían motivos suficientes para expedir una orden de protección a favor de la parte apelada. En

particular, la juez entendió que los incidentes ocurridos en los días 21 y 28 de marzo de 2025, incidentes dirigidos específicamente hacia la apelada, son elementos suficientes para expedir la orden solicitada.

Cabe destacar que dicha decisión no fue tomada en el vacío, sino que surge de la Transcripción de la Prueba Oral (TPO) que la apelada sentía temor al estar en su área de trabajo, a causa del apelante jugar con su arma de fuego repetidamente. Además, surge que se llevó a cabo una reunión entre el apelante con el vicepresidente del condominio, donde ambas partes trabajaban, referente a la conducta antes mencionada. Al salir de dicha reunión, el apelante comenzó a gritarle a la apelada, le mostró el arma y, entre varias cosas que dijo, le expresó que "la bala te la va a dar otro".

A la luz del testimonio de la apelada, sobre incidentes específicos por parte del apelante dirigidos hacia ella, el foro primario correctamente determinó que los mencionados hechos eran motivos suficientes para creer que la apelada había sido víctima de acecho. O sea, el foro de instancia entendió que el riesgo hacia la apelada era real. Por ello, procedía la expedición de la orden de protección a favor de la parte apelada. No se cometió el primer error.

En su segundo señalamiento de error, el apelante sostiene que erró el foro primario al reabrir un caso previamente archivado, sin cumplir con los requisitos procesales mínimos del debido proceso de ley, incluyendo una notificación oportuna.

El apelante plantea en su escrito de *Apelación* que el presente caso había sido previamente archivado mediante un acuerdo entre las partes. Arguye que dicho acuerdo fue validado por el foro judicial el 9 de junio de 2025. Sostiene que la parte apelada presentó una moción de reconsideración sin notificarla al apelante, en violación del debido proceso de ley. Alega que el archivo del caso mediante resolución judicial tuvo el efecto de finalizar el procedimiento en sus méritos y constituyó cosa juzgada.

Por otra parte, surge de la TPO que la Honorable Jueza del Tribunal de Primera Instancia, en la vista celebrada el 3 de julio de 2025, expresa que

hay una resolución de archivo del 6 de mayo de 2025. Además, surge de dicha TPO que el 16 de mayo de 2025 la parte apelada presentó una moción al foro primario por derecho propio, la cual el Tribunal toma como moción de reconsideración, declarada con lugar, y cita a las partes.[6]

Sin embargo, el apelante no presentó récord alguno de la referida moción de reconsideración acogida por el foro *a quo*. Tampoco presentó ninguna prueba de la resolución judicial emitida por el foro primario. Por ello, la parte apelante no colocó a esta Curia en posición de resolver los méritos del argumento señalado en el segundo error.

En fin, ante las anteriores consideraciones, procede confirmar la *Orden de Protección* apelada.

**IV.**

Por los fundamentos que anteceden, confirmamos la *Orden de Protección* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[6] Pág. 5, Línea 22 a Pág. 6 Línea 25 de la Transcripción de la Prueba Oral (Anejo de la Entrada Núm. 11 del SUMAC TA).